Present:  Carrico, C.J., Compton, Stephenson,[*] Lacy, Hassell, and
  Keenan, JJ., and Poff, Senior Justice

MELVIN ALEXANDER MOORE

                          OPINION BY JUSTICE A. CHRISTIAN COMPTON
v.  Record No. 961633            September 12, 1997

COMMONWEALTH OF VIRGINIA

             FROM THE COURT OF APPEALS OF VIRGINIA


     Melvin Alexander Moore was indicted in October 1993 in the

Circuit Court of Appomattox County for rape of a child under the

age of 13 years, Code § 18.2-61(A)(iii), allegedly committed in

September 1984.  Following a unitary trial, a jury found the

defendant guilty as charged and recommended a 15-year sentence.

     After a hearing and consideration of a pre-sentence report,

the trial court confirmed the 15-year sentence.  However, the

court suspended 14 years of the sentence, ordered defendant to

serve 12 months in jail, and placed him on five years' probation

upon release from jail.  Defendant was allowed to remain free on

bond pending appeal.

     Subsequently, the Court of Appeals granted in part and

denied in part defendant's petition for appeal.  In the order

awarding the appeal, the Court of Appeals rejected defendant's

contention that the evidence was insufficient as a matter of law

to prove the essential element of penetration.

     The appeal was awarded on the issue whether the trial court

erred in allowing an expert witness, a mental health therapist,

to testify for the Commonwealth about certain behavioral patterns

---

[*] Justice Stephenson participated in the hearing and decision
of this case prior to the effective date of his retirement on
July 1, 1997.

of the victim that were consistent with a child who had been sexually abused.  The defendant argued this testimony was improper because it was an impermissible comment on the victim's credibility.

In a February 1996 unpublished opinion, a panel of the Court of Appeals, in a 2-1 decision, ruled in favor of the Commonwealth on the issue presented.  In July 1996, following an en banc hearing, the Court of Appeals, by a 6-3 decision, affirmed the judgment of the trial court for the reasons stated in the panel opinion.

We awarded the defendant an appeal.  The dispositive issue in this appeal is whether the Court of Appeals erred in holding there was sufficient evidence of penetration.

Fundamental principles applicable here should be reviewed. To justify conviction of a crime, it is insufficient to create a suspicion or probability of guilt.  Rather, the burden is upon the Commonwealth to prove every essential element of the offense beyond a reasonable doubt.  Cameron v. Commonwealth, 211 Va. 108, 110, 175 S.E.2d 275, 276 (1970).  Accord Camp v. Commonwealth, 14 Va. App. 879, 884, 419 S.E.2d 435, 438 (1992).  "The evidence must exclude every reasonable hypothesis of innocence and be consistent only with the guilt of the accused."  Powers v. Commonwealth, 211 Va. 386, 388, 177 S.E.2d 628, 629 (1970).

"Penetration by a penis of a vagina is an essential element of the crime of rape; proof of penetration, however slight the

entry may be, is sufficient."  Elam v. Commonwealth, 229 Va. 113, 115, 326 S.E.2d 685, 686 (1985).  And, a conviction of rape may be sustained solely upon the victim's testimony.  Snyder v. Commonwealth, 220 Va. 792, 796, 263 S.E.2d 55, 57 (1980).  Accord Kehinde v. Commonwealth, 1 Va. App. 342, 345, 338 S.E.2d 356, 357 (1986).

We shall consider the facts in the light most favorable to the Commonwealth, which prevailed in the trial court.

The victim testified that on the day in question the defendant, who was 45 years of age at the time and a friend of the victim's mother, was visiting in the home where she resided with her mother.  While the mother temporarily was away from the home, defendant asked the victim to play "house."  Thinking defendant meant he wished to play with her toys, she consented, and defendant led her to a bedroom.

The victim described, using anatomical dolls, how defendant disrobed, how he undressed her, and how he positioned her on top of him.  Then, the prosecutor elicited the following crucial testimony during direct examination:

"Q. Okay.

A. And he told me to get on top of him and I was like this (demonstrating) on top of him.  And his penis ---

Q. Can you show us the position of your legs?

A. Yes.  They were like this (demonstrating).  I was sitting on top of him.  I was just sitting there.

Q. And your legs were spread over ---

A. Like this (demonstrating).

Q. ---his abdomen?

A. Yes.  And he ---

Q. Where was his penis?  Can you show us that?

A. It was like this (demonstrating).

Q. Was it actually rubbing on your vagina?

A. Yes.

Q. Okay.

A. And he told me, he said, `This isn't right.' So he rolled me over with his hands.  Then I was laying like this (demonstrating) on the bed.  He spread my legs open into a V.

Q. And what did he do that with?

A. And then he got ---

Q. Wait a minute.  What did he spread your legs open with?

A. With his hands.

Q. Okay.

A. Then he got on top of me.  He held his penis with one of his hands and he rubbed it on the inside of my vagina like this (demonstrating).  And ---

Q. Did he hurt you?  Did you feel any pain?

A. Yes.

Q. You felt some pain?

A. No, I didn't.  I didn't feel any pain at all.

Q. Okay.

A. I did not.

Q. Okay.  Let's back up a minute.  He was on top of you.  Let's go back over that again.  He was on top of you and he had his penis in his hand; one of his

hands?

A. Yes.

Q. And he was rubbing it on your vagina?
A. Yes.

Q. All right, go from there.

A. Then he let go of his penis and he started to rub it like this on top of me.

. . . .

Q. Let's go back to when he was on top of you, okay.  One time he was holding his penis rubbing it between your legs and another time you said he wasn't holding it; he was just rubbing it going back and forth.

A. Yes.

Q. Your testimony was you felt his penis on your vagina?

A. Yes."

The victim's mother, age 24 at the time in question, testified her daughter told her the day following the alleged incident that defendant had "fooled with her."  The mother testified, "I didn't believe her so I just sort of brushed it off."  A neighbor of the victim testified the victim said to her the day after the alleged incident, "`My mamma's boyfriend made love to me.'"

The victim experienced emotional problems over the years. In September 1993, according to the victim and her mother, the victim saw defendant at a local laundromat and she became "so upset" that the mother decided to take the child to a Lynchburg hospital.  The child was then referred to the Appomattox

- 5 -

Counseling Center, where she was first seen on September 20, 1993.

Shortly thereafter, the local sheriff's department received a complaint from "Social Services." When interviewed by a deputy sheriff, defendant denied having "sexual contact" with the victim. Testifying at trial, defendant denied that he "had sexual intercourse" with the victim as alleged.

In this appeal, the Attorney General, pointing out that "the credibility of witnesses and the weight assigned their testimony are matters exclusively for the jury," contends the victim "testified in graphic detail" how the defendant had raped her. The Attorney General observes the victim "specifically testified that Moore placed his penis inside her vagina." Thus, the argument continues, the Court of Appeals was correct in affirming the judgment of conviction. We do not agree.

As we have already noted, "it is universally held that under an indictment charging statutory rape of a child, as well as one charging the common-law offense of rape of an adult woman, the prosecution must prove that there has been an actual penetration to some extent of the male sexual organ into the female sexual organ." McCall v. Commonwealth, 192 Va. 422, 426, 65 S.E.2d 540, 542 (1951). The fact that the man's penis is placed on, not in, the woman's sexual organ is insufficient to establish the element of penetration. See Ashby v. Commonwealth, 208 Va. 443, 444, 158 S.E.2d 657, 658 (1968), cert. denied, 393 U.S. 1111 (1969) (in

prosecution for sodomy, testimony that boy's mouth was merely placed "on" defendant's "privates" held insufficient to prove penetration).

In the present case, the prosecution presented evidence, as part of its case-in-chief, that the defendant placed his penis both "in" and "on" the victim's vagina. The Commonwealth's evidence was in a state of equipoise on an essential element of the crime. In one breath, the victim said that "he rubbed it on the inside of my vagina." In the next breath, after the prosecutor asked her to "back up a minute," she answered "Yes" to the question, "And he was rubbing it on your vagina?" Again, when asked by the prosecutor to "go back," she answered affirmatively to the question, "Your testimony was you felt his penis on your vagina?"

This is not a case where inconsistencies have been developed during cross-examination of the victim or a case where there has been other evidence contradicting the testimony of the victim. Certainly, those types of credibility issues are for the jury to decide. But, this is a case where the prosecution has presented, from the mouth of the victim, two different accounts of the essential facts relating to a crucial element of the crime. As we have stated, the Commonwealth's evidence must be consistent only with the guilt of the accused. However, in this case, the Commonwealth's evidence is consistent with the innocence of the accused regarding the crime with which he was charged.

The prosecutor here apparently was under the erroneous impression that proof the defendant's penis was "on" the victim's vagina was sufficient to prove rape.  At one point during a colloquy with the trial judge out of the presence of the jury, the prosecutor stated, "She may not necessarily have pain if he just rubbed his penis on her vagina."  During argument of defendant's motion to strike the evidence, the prosecutor said that "my recollection of the record was [the victim] testified that he rubbed his penis on her vagina, and that's enough. That's penetration, Judge."

And to make matters worse, the prosecutor forcefully urged his erroneous theory upon the jury, after the trial court had instructed the jury that "sexual intercourse means an actual penetration, no matter how slight, of the defendant's penis into the sexual organ of" the victim.  The prosecutor told the jury that "at one time" defendant was "holding it in his hand rubbing it up and down on her vagina.  Then he lets go with his hand and continues to rub it up and down on her vagina. . . . If he touches her vagina with his penis, I submit to you, that's penetration enough.  That's all it takes and that's what the evidence is.  That he rubbed his penis on her vagina." Parenthetically, we note that during the jury's deliberations, the trial court, exercising its discretion, refused a request from the jury foreman that the jury be provided with a transcript of the victim's testimony "about the sexual intercourse . . .

whether or not it was actual penetration."

We have not overlooked the structure of a woman's anatomy involved here, and its possible impact on the victim's testimony that defendant's penis was placed "on" her vagina. The Court of Appeals, construing Rowland v. Commonwealth, 147 Va. 636, 136 S.E. 564 (1927), and quoting an attorney's dictionary of medicine, has said "that penetration of any portion of the vulva, which encompasses the `external parts of the female sex organs considered as a whole' and includes, beginning with the outermost parts, the labia majora, labia minora, hymen, vaginal opening and vagina . . . is sufficient" to establish the element of penetration. Love v. Commonwealth, 18 Va. App. 84, 88, 441 S.E.2d 709, 712 (1994). But there is no indication whatever in the record that the young victim here was aware of the intricate structure of her sexual organ. Rather, it is clear from the evidence that when she referred to her "vagina," she was describing the external part of that portion of her anatomy.

This case is analogous to Elam, supra. There, the victim testified that the defendant "didn't rape me" and that she did not know whether defendant "put his penis" into her sexual organ. 229 Va. at 115, 326 S.E.2d at 686. This Court said: "We agree with the defendant that this testimony, while sufficient to prove attempted rape, is insufficient, standing alone, to prove rape." Id. We affirmed Elam's conviction, however, finding the testimony did not stand alone because medical and forensic

- 9 -

evidence in that case "was compelling."  Id., 326 S.E.2d at 687.

In the present case, there was no medical or forensic evidence of the alleged fact that the defendant committed the rape.  Here, the victim's testimony does stand alone.  Consequently, we hold there was a failure of proof of penetration as a matter of law, and the Court of Appeals erred in ruling to the contrary.

Because of the view we take of the case, we do not reach the other assignments of error.

Accordingly, we will reverse the order of the Court of Appeals, reverse and annul the trial court's order of conviction, and dismiss the indictment.

Reversed and dismissed.