BENTON, Judge, with whom WILLIS and ELDER, JJ.,
join, dissenting.
The indictment charged that “Roger Lee Jett did unlawfully and feloniously penetrate the labia majora, of a female child under the age of thirteen, with an inanimate object, in violation of [Code §] 18.2-67.2.” I would reverse the conviction because the evidence failed to prove beyond a reasonable doubt that the child was penetrated by an inanimate object.
The child testified that Jett “told [her] how to lay [a hairbrush and a Barbie doll] on the outside of [her] pookie ... and rub it.” She further testified that she “call[ed] ... [her] private parts a pookie.” When the child was asked in court to point to the part of her body to which she referred, the trial judge ruled that “she is pointing to her crotch area.”
“The fact that the ... [object] is placed on, not in, the woman’s sexual organ is insufficient to establish the element of penetration.” Moore v. Commonwealth, 254 Va. 184, 189, 491 S.E.2d 739, 741 (1997). Clearly then, the child’s testimony in this case that she rubbed the objects “on the outside” of her “crotch area” is insufficient to prove the act of penetration as required to sustain a conviction under Code § 18.2-67.2. In *198 deed, the majority acknowledges that “the [child’s] testimony that [Jett] taught her to rub the hairbrush or the Barbie doll ‘on the outside of [her] pookie’ did not establish penetration.” However, the majority concludes that the deficiency in the child’s testimony is overcome by other circumstantial evidence. I disagree.
To convict an accused, the Commonwealth must prove each element of the offense beyond a reasonable doubt. See Moore, 254 Va. at 186, 491 S.E.2d at 740. The Commonwealth fails to meet this burden when the Commonwealth’s evidence creates only a suspicion or probability of guilt as to an essential element. Id. Thus, for circumstantial evidence to prove guilt beyond a reasonable doubt, it must be wholly consistent with guilt and wholly inconsistent with innocence. See Bishop v. Commonwealth, 227 Va. 164, 169, 313 S.E.2d 390, 393 (1984).
In Moore, where “the prosecution presented [direct] evidence, as part of its case-in-chief, that the defendant placed [the object] both ‘in’ and ‘on’ the victim’s vagina,” the Supreme Court reversed the conviction because “[t]he Commonwealth’s evidence was in a state of equipoise on an essential element of the crime.” 254 Va. at 189, 491 S.E.2d at 741. The Commonwealth’s own evidence in this case likewise is in a state of equipoise. Because the child’s testimony fails to prove an act of penetration, the majority relies upon proof of vaginal irritation as the circumstance that tends to prove penetration. However, the Commonwealth’s evidence also proved other events that explained the vaginal discomfort that the child experienced. The child’s irritated vaginal area is equally explained by Jett’s use of his tongue on the child’s vaginal area. However, Jett was convicted of sodomy at trial for that offense. The reasonable inference that the child’s discomfort was caused by Jett’s tongue or finger raises a reasonable doubt whether the child was penetrated by an inanimate object. “ ‘[W]here a fact is equally susceptible of two interpretations one of which is consistent with the innocence of the accused, [the trier of fact] cannot arbitrarily adopt that interpretation which incriminates [the accused].’ ” Corbett v. Com *199 monwealth, 210 Va. 804, 307, 171 S.E.2d 251, 253 (1969) (citation omitted). “[C]ircumstances of suspicion, no matter how grave or strong, are not proof of guilt sufficient to support a verdict of guilty ... [because the] actual commission of the crime by the accused must be shown by evidence beyond a reasonable doubt to sustain ... [a] conviction.” Clodfelter v. Commonwealth, 218 Va. 619, 623, 238 S.E.2d 820, 822 (1977).
Because the evidence was insufficient to prove beyond a reasonable doubt penetration by an inanimate object, I would reverse the conviction.