COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Elder and Lemons
Argued at Chesapeake, Virginia


CHARLES B. RICHARDSON, IV

MEMORANDUM OPINION[*] BY

v.    Record No. 2155-98-1    CHIEF JUDGE JOHANNA L. FITZPATRICK
                             DECEMBER 28, 1999

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Johnny E. Morrison, Judge

Dianne G. Ringer, Senior Assistant Public
Defender, for appellant.

Donald E. Jeffrey, III, Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


Charles B. Richardson, IV (appellant) was convicted in a
jury trial of statutory burglary while armed, use of a firearm
in the commission of a felony, and aggravated sexual battery.
The sole issue raised is whether the identification evidence
linking appellant to the crimes was sufficient to support the
convictions. Finding no error, we affirm.

I.

When the sufficiency of the evidence is challenged on
appeal, we determine whether the evidence, viewed in the light
most favorable to the prevailing party, and the reasonable

---

[*] Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

inferences fairly deducible from that evidence support each and every element of the charged offense. See Moore v. Commonwealth, 254 Va. 184, 186, 491 S.E.2d 739, 740 (1997); Derr v. Commonwealth, 242 Va. 413, 424, 410 S.E.2d 662, 668 (1991). "In so doing, we must discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." Watkins v. Commonwealth, 26 Va. App. 335, 349, 494 S.E.2d 859, 866 (1998). The jury's verdict will not be set aside unless it is plainly wrong or without evidence to support it. See Code § 8.01-680; Canipe v. Commonwealth, 25 Va. App. 629, 644, 491 S.E.2d 747, 754 (1997).

The evidence established that on November 4, 1997, three masked men with guns forced their way into Lakita Henderson's apartment. She recognized two of the assailants, Archie Bazemore and Clayton Mabry, but had never seen appellant before that night. Bazemore and Mabry ransacked the apartment while the third man ordered Henderson to remove her clothes, ripped her shirt, pulled off her bra and rubbed her breasts. The incident lasted five to ten minutes and occurred shortly after Derrick Jones, Henderson's boyfriend, left the apartment.

When the police arrived, Henderson described the third assailant as a black male, with medium brown hair, approximately 5'6" tall and 145 pounds, wearing dark pants and a dark

-

sweatshirt.  Jones testified that when he left the victim's apartment he saw Bazemore, Mabry and appellant standing in an upstairs hallway and all were wearing dark clothes.  The victim identified appellant from a photo array two days after the attack.  In identifying appellant's photograph, she concentrated on the eyes.  She testified at trial that she could distinctly recall his eyes because he "was as close--maybe as close--to me as this microphone."  She also identified appellant at trial as the third participant.

In short, there was direct evidence of appellant's guilt based upon the victim's out-of-court and in-court identifications.  Additionally, there was strong circumstantial evidence, including Jones's statement that appellant was present in the hallway with the two other participants immediately before the crime, which supported the jury's conclusion that appellant was one of the three perpetrators involved.  The jury was free to reject appellant's alibi testimony, and its conclusion was not plainly wrong or without evidence to support it.  See Phan v. Commonwealth, ___ Va. ___, ___, ___ S.E.2d ___, ___ (1999) ("In view of the identification testimony of the numerous witnesses, the defendant's alibi testimony that the jury apparently rejected, . . . the evidence when considered as

-

a whole is sufficient to support the convictions.").

Accordingly, appellant's convictions are affirmed.

Affirmed.