COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Clements and Senior Judge Coleman
Argued at Richmond, Virginia


EDWARD EUGENE COX, S/K/A
 EDWARD EUGENE COX, JR.
                                    MEMORANDUM OPINION* BY
v.    Record No. 1898-00-2           SAM W. COLEMAN III
                                       AUGUST 13, 2002
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
                  Rayner V. Snead, Judge Designate

            Benjamin H. Woodbridge, Jr. (Woodbridge,
            Ventura & Kelly, on brief), for appellant.

            Eugene Murphy, Assistant Attorney General
            (Randolph A. Beales, Attorney General, on
            brief), for appellee.


     Edward Eugene Cox, Jr. was convicted in a jury trial of

aggravated sexual battery in violation of Code

§ 18.2-67.3(2)(a).  On appeal, Cox contends that the evidence is

insufficient to support his conviction because the proof failed

to establish that he touched the victim or forced her to touch

his intimate parts as defined by Code § 18.2-67.10(2).  He

further asserts that the trial court erred by inserting language

in Instruction Number 9 which allowed the jury to convict if

they found that he forced the complaining witness to touch his

---

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

intimate parts or material directly covering such intimate

parts.  He argues the evidence failed to support the giving of

such an instruction because no evidence proved that the victim

touched the defendant's intimate parts or material directly

covering his intimate parts or that Cox intended to force such a

touching.  Finding no reversible error, we affirm.

BACKGROUND

On appeal, we review the evidence and all reasonable

inferences fairly deducible therefrom in the light most

favorable to the Commonwealth.  Archer v. Commonwealth, 26

Va. App. 1, 11, 492 S.E.2d 826, 831 (1997).  So viewed, the

evidence proved that during the evening hours of July 17, 1999,

a man assaulted the victim, a thirteen-year-old girl, as she

walked alone searching for a bathroom at the Indian Acres

Planned Camping Community, where she was visiting her mother.

The victim, while looking for the bathroom, "took a wrong turn"

and came to an area where she encountered the man who grabbed

her and pulled her to the ground.  The assailant positioned

himself with his legs astraddle of her body with her hands

pinned down.  She testified that her assailant then placed his

hand beneath her shirt and "under [her] bra."  As the assailant

placed his hand under her bra, his fingernail scratched the

victim in the area between her breasts.  The victim demonstrated

for the jury and the trial court the location of the scratch.

-

She stated that her assailant smelled of alcohol. The victim testified that her assailant fled after her screams alerted neighbors.

She testified that she saw and was able to identify Cox as her assailant by the light from a nearby lamppost. She further testified that she was familiar with Cox, having seen him a number of times at the campsite pool.

A security guard at the campsite was contacted and learned from the victim what had happened. The security guard notified a deputy sheriff, who interviewed the victim about the incident. After interviewing the victim, the security guard went to Cox's trailer located in the campsite. According to the deputy, Cox smelled of alcohol, had bloodshot eyes and "he was staggering."

At trial, the security guard testified that when she interviewed the victim at her trailer she observed a seven-inch scratch "between her breasts."

The jury convicted Cox of aggravated sexual battery.

ANALYSIS

Sufficiency of the Evidence

To convict Cox of aggravated sexual battery, the Commonwealth had to prove beyond a reasonable doubt that he "sexually abuse[d] the complaining witness, . . . and [t]he act [was] accomplished against the will of the complaining witness,

-

by force, . . . and [t]he complaining witness [was] at least thirteen but less than fifteen years of age."  Code § 18.2-67.3.

Code § 18.2-67.10(6) defines "sexual abuse" as

> an act committed with the intent to sexually molest, arouse, or gratify any person, where:
>
> a.  The accused intentionally touches the complaining witness's intimate parts or material directly covering such intimate parts;
>
> b.  The accused forces the complaining witness to touch the accused's, the witness's own, or another person's intimate parts or material directly covering such intimate parts; or
>
> c.  The accused forces another person to touch the complaining witness's intimate parts or material directly covering such intimate parts.

Code § 18.2-67.10(2) defines "intimate parts" as "the genitalia, anus, groin, breast, or buttocks of any person." Thus, the Commonwealth may prove a violation of Code § 18.2-67.3 by proving that the accused intentionally touched the victim's "intimate parts or material directly covering such intimate parts."  Code § 18.2-67.10(6).

It is axiomatic that the Commonwealth bears the burden of proving each element of an offense beyond a reasonable doubt. Hill v. Commonwealth, 17 Va. App. 480, 484, 438 S.E.2d 296, 298 (1993).  However, the Commonwealth need not prove each element by direct evidence; instead, it may prove an element by

-

circumstantial evidence, Reynolds v. Commonwealth, 9 Va. App. 430, 440, 388 S.E.2d 659, 665 (1990), which is entitled to the same weight as direct evidence. Hall v. Commonwealth, 14 Va. App. 65, 69, 415 S.E.2d 439, 442 (1992). The fact finder may draw reasonable inferences from circumstantial evidence and may determine the weight to be ascribed to such evidence. Schneider v. Commonwealth, 230 Va. 379, 382, 337 S.E.2d 735, 736-37 (1985); Cook v. Commonwealth, 226 Va. 427, 432, 309 S.E.2d 325, 329 (1983).

At trial the Commonwealth proved that appellant forced the victim to the ground, face-up, and straddled her; that while holding her down, appellant reached into her shirt and under her bra; that with his hand under her bra, appellant's fingernail made a seven-inch scratch between the victim's breasts. The jury and the trial judge observed the victim demonstrate the location of the scratch. From this evidence the fact finder could conclude that Cox necessarily touched the victim's breast, the portion of the bra or material that covers the breast, or both. The deliberate touching of either the breast or portion of the material that covers the breast constitutes "sexual abuse" and is a violation of Code § 18.2-67.10(6).

Cox contends that the victim did not testify explicitly that he touched her breast or the material that covered her breast, thus, the evidence does not prove beyond a reasonable

-

doubt an actual touching. The evidence that Cox pulled the victim to the ground, pinned her there by straddling her, placed his hand under her blouse and under her bra and inflicted a seven-inch scratch between her breasts is sufficient for the fact finder to conclude that Cox touched the victim's breast or material directly covering her breast. When viewed in the light most favorable to the Commonwealth, the circumstantial evidence was sufficient to establish beyond a reasonable doubt that appellant touched the victim's intimate parts or the material directly covering such intimate parts.

## Jury Instruction Number 9

The trial judge modified the proffered jury instruction defining "sexual abuse." The proffered instruction initially defined "sexual abuse" only as "an act committed with the intent to sexually molest, arouse or gratify any person, where the defendant intentionally touches the complaining witness' intimate parts or material directly covering such intimate parts." The Commonwealth moved that the instruction be modified to include those acts of "sexual abuse" set forth in Code § 18.2-67(6)(b), namely, where "[t]he accused forces the complaining witness to touch the accused's . . . intimate parts or material directly covering such intimate parts."

In support of giving the instruction, the Commonwealth relied upon the evidence that appellant forced the victim to the

-

ground, sat on top of her and straddled her legs, and in doing so forced her body to come in contact with or touch the clothing touching his groin and genitalia and that Cox was doing so with the intent to sexually arouse or gratify himself.

"A reviewing court's responsibility in reviewing jury instructions is to 'see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'" Darnell v. Commonwealth, 6 Va. App. 485, 488, 370 S.E.2d 717, 719 (1988) (quoting Swisher v. Swisher, 223 Va. 499, 503, 290 S.E.2d 856, 858 (1982)). "On appeal, when the issue is a refused jury instruction, we view the evidence in the light most favorable to the proponent of the instruction." Lynn v. Commonwealth, 27 Va. App. 336, 344, 499 S.E.2d 1, 4-5 (1998), aff'd, 257 Va. 239, 514 S.E.2d 147 (1999). "A party is entitled to have the jury instructed according to the law favorable to his or her theory of the case if evidence in the record supports it." Foster v. Commonwealth, 13 Va. App. 380, 383, 412 S.E.2d 198, 200 (1991). However, an instruction is proper only if supported by more than a scintilla of evidence. Commonwealth v. Donkor, 256 Va. 443, 445, 507 S.E.2d 75, 76 (1998).

Viewed in the light most favorable to the Commonwealth, the proponent of the instruction, see Foster, 13 Va. App. at 383, 412 S.E.2d at 200, the evidence proved that Cox grabbed the victim and pulled her to the ground. As she lay with her back

-

pinned to the ground, Cox "got on top" of her and placed "one leg on each side" of her body.  According to the victim, "his legs were over mine."

Considering the nature of Cox's assault upon the victim, a reasonable fact finder could conclude that by forcibly straddling the victim Cox intended to cause the victim's body to touch the material directly covering his "groin" or "genitalia" and that he did so with the intent to sexually arouse or gratify himself.  See Code § 18.2-67.10(2).  Thus, the instruction was supported by more than a scintilla of evidence.  Accordingly, we affirm appellant's conviction.

Affirmed.

-

Benton, J., dissenting.

I.

To obtain a conviction in a criminal prosecution, the
Commonwealth must satisfy the due process requirement of proving
each element of an offense beyond a reasonable doubt.  In re
Winship, 397 U.S. 358, 363 (1970).

> Fundamental principles applicable here
> should be reviewed.  To justify conviction
> of a crime, it is insufficient to create a
> suspicion or probability of guilt.  Rather,
> the burden is upon the Commonwealth to prove
> every essential element of the offense
> beyond a reasonable doubt.  "The evidence
> must exclude every reasonable hypothesis of
> innocence and be consistent only with the
> guilt of the accused."

Moore v. Commonwealth, 254 Va. 184, 186, 491 S.E.2d 739, 740
(1997) (citation omitted).

The evidence failed to prove that when Cox assaulted the
teenager he touched her breast or the portion of her brassiere
covering her breasts.  When the teenager testified, she did not
say Cox touched her breast or the portion of her brassiere
covering her breasts.  Indeed, she testified and the evidence
clearly proved that Cox scratched the portion of her body
between her breasts.

When as here, the statute prohibits touching "intimate
parts," proof that the touching was close to the intimate part
or in an area proximate to it is insufficient to establish the

-

element of the offense. Cf. Moore, 254 Va. at 189, 491 S.E.2d at 741 (holding that proof establishing "the man's penis is placed on, not in, the woman's sexual organ is insufficient to establish the element of penetration"); Ashby v. Commonwealth, 208 Va. 443, 444, 158 S.E.2d 657, 658 (1968) (holding that proof a person's mouth is on another's penis is insufficient to prove the penis is in the mouth).

> "There is always in litigation a margin of
> error, representing error in factfinding,
> which both parties must take into account.
> Where one party has at stake an interest of
> transcending value – as a criminal defendant
> his liberty – this margin of error is
> reduced as to him by the process of placing
> on the other party the burden of . . .
> persuading the factfinder at the conclusion
> of the trial of his guilt beyond a
> reasonable doubt. Due process commands that
> no man shall lose his liberty unless the
> Government has borne the burden of . . .
> convincing the factfinder of his guilt." To
> this end, the reasonable-doubt standard is
> indispensable, for it "impresses on the
> trier of fact the necessity of reaching a
> subjective state of certitude of the facts
> in issue."

Winship, 397 U.S. at 364 (citations omitted). The Commonwealth's evidence, which proved only touching proximate to the breasts, created only a suspicion or probability of guilt as to the essential element of touching an intimate part of the body. See Moore, 254 Va. at 186, 491 S.E.2d at 740. "[C]ircumstances of suspicion, no matter how grave or strong, are not proof of guilt sufficient to support a verdict of guilty

-

. . . [because the] actual commission of the crime by the accused must be shown by evidence beyond a reasonable doubt to sustain . . . [a] conviction." Clodfelter v. Commonwealth, 218 Va. 619, 623, 238 S.E.2d 820, 822 (1977).

Because the evidence failed to prove beyond a reasonable doubt that Cox "touche[d] the complaining witness's [breast] or material directly covering such [breasts]," Code § 18.2-67.10(6), I would reverse the conviction for aggravated sexual battery in violation of Code § 18.2-67.3.

## II.

I would also note that the trial judge plainly erred in instructing the jury. The evidence proved the trial judge instructed the jury, at the prosecutor's request, that it could convict Cox of aggravated sexual abuse if it found that "the complaining witness was forced to touch the intimate parts of the accused or material directly covering such intimate parts." The evidence concerning these events proved that Cox grabbed the teenager and threw her to the ground. She was wearing a shirt and long pants. She described the events in the following testimony:

> Q . . . . And the person that grabbed you pulled you to the ground. What -- where were they?
>
> A They were -- when they got me on the ground, he got on top of me.

-

Q  And which part of him was on top of you?

A  His -- he had one leg on each side of me.

Q  And where then -- do you remember where his hands and arms were and where yours were?

A  Yes, mine was -- he had -- mine were down and his legs were over mine. . . .

In other words, the teenager's testimony proved Cox "had one leg on each side of [her]" such that her hands and arms "were down and his legs were over [her hands and arms]."

The rule is well established that even if an instruction correctly states the law, it should not be given if it is not applicable to the evidence proved in the case.  See Banner v. Commonwealth, 204 Va. 640, 647-48, 133 S.E.2d 305, 310 (1963); Latham v. Commonwealth, 184 Va. 934, 939, 37 S.E.2d 36, 38 (1946); Thomason v. Commonwealth, 178 Va. 489, 498, 17 S.E.2d 374, 377 (1941); Morse v. Commonwealth, 17 Va. App. 627, 632, 440 S.E.2d 145, 149 (1994).  Thus, "an instruction is proper only if supported by more than a scintilla of evidence" in the record.  Commonwealth v. Sands, 262 Va. 724, 729, 553 S.E.2d 733, 736 (2001).  Indeed, the trial judge errs by giving an instruction that is not supported by the evidence.  Gravitt v. Ward, 258 Va. 330, 337, 518 S.E.2d 631, 635 (1999); Swift v. Commonwealth, 199 Va. 420, 424, 100 S.E.2d 9, 13 (1957).

-

Specifically noting his reason for granting the prosecutor's request to give the instruction, the trial judge ruled as follows:

> The Commonwealth Attorney's argument was that if the jury believed . . . that when she was thrown to the ground by the defendant, that she was forced to touch his leg, at least. . . .  So that would justify that.

The Commonwealth argues on appeal that Cox "pushed clothing covering his intimate parts against [the teenager's] body."  The majority opinion adopts this argument and holds that the instruction is supported because the teenager's body "touched the material directly covering [Cox's] 'groin' or 'genitalia.'"  No evidence in the record supports that conclusion.  The teenager did not testify to that fact.  Moreover, no reasonable inference from the evidence leads to that fact.

The prosecutor argued and the trial judge accepted as sufficient for granting the instruction the theory that the evidence proved the teenager's hands and arms touched Cox's trousered leg.  Code § 18.2-67.10(2), however, does not include a leg in its definition of "intimate parts."  I would hold that the trial judge erred in concluding that evidence, which proved the teenager's hand touched Cox's trousered leg, was sufficient to support an instruction that would have allowed the jury to

-

find beyond a reasonable doubt Cox forced the teenager "to touch [his] intimate parts."

Furthermore, this instruction was not harmless because it allowed the jury to unreasonably infer that Cox forced the teenager to touch his intimate parts or material directly covering his intimate parts. No evidence supports that inference. Based on mere speculation, the prosecutor argued to the jury that if they believed the teenager, then the evidence proved that Cox "pinned [the teenager] down with his legs and placed his crotch across her, forcing her to come in contact with his crotch." Thus, the instruction permitted the jury, even if it rejected the testimony that Cox touched the teenager's breast, to convict Cox without proof beyond a reasonable doubt that he forced the teenager to touch his intimate parts. I would hold that the instruction was not harmless.

For these reasons, I would reverse the conviction.