COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Bumgardner and Felton
Argued at Salem, Virginia


DARYL LANDON CARTER
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 2506-01-3    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                         OCTOBER 29, 2002
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                Joseph W. Milam, Jr., Judge

        J. Patterson Rogers, 3rd, for appellant.

        Eugene Murphy, Assistant Attorney General
        (Jerry W. Kilgore, Attorney General, on
        brief), for appellee.


    Daryl Landon Carter (appellant) was convicted in a bench

trial of two counts of aggravated sexual battery in violation of

Code § 18.2-67.3, two counts of indecent liberties with a minor in

violation of Code § 18.2-370.1 and one count of forcible sodomy in

violation of Code § 18.2-67.1. The sole issue on appeal is

whether the evidence of penetration is sufficient to sustain the

sodomy conviction. We find the evidence was insufficient to prove

penetration, and we reverse the conviction.

    Under familiar principles of appellate review, we examine

the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

therefrom.  See Juares v. Commonwealth, 26 Va. App. 154, 156,

493 S.E.2d 677, 678 (1997).  So viewed, the evidence showed that

appellant sexually molested D.W., who was ten years old at the

time of the abuse.

D.W. testified that on at least three occasions in December

2000 appellant fondled her.  Specifically, appellant "pulled my

pants down, and then he put his hand on my private . . . he just

sort of put his hand and just rubbed up and down, and then he

put his mouth . . . in between my legs."  When asked what

appellant had done with his mouth, D.W. stated,

> he put his mouth and sort of . . . when he
> did, he . . . he sort of put his tongue on
> my mouth . . . on my private, and he sort of
> rub . . . he sort of went up and down [with]
> his tongue and his mouth.

Appellant also "put his private on my private . . . [and] [h]e

sort of rubbed up and down."  On another occasion, appellant

pulled D.W.'s pajama bottoms down, "put his private on [D.W.'s]

private and sort of took his hand and rubbed up and down with

his hand."  Afterward appellant told D.W., "Don't tell or I'll

go to jail forever."  In yet another encounter, appellant "put

his mouth and private on [her sister] and he had did the same

with me."  Appellant then forced the sister to "put her mouth on

[D.W.'s] private and made me put my mouth on [the sister's]

private."

Appellant contends this evidence is insufficient to prove

the requisite penetration for a sodomy conviction.  Appellant

-

argues that the evidence proved only that he put his mouth and tongue <u>on</u> D.W.'s "private."  She never testified that appellant licked her vagina or penetrated any portion of her genitalia. D.W. did not display any knowledge of the structure of her anatomy, merely referring to everything as her "private."  Even viewed in the light most favorable to the Commonwealth, D.W.'s testimony, without other evidence of penetration, fails to prove a necessary element of sodomy.  We agree.

"When the sufficiency of the evidence is challenged on appeal, we determine whether the evidence, viewed in the light most favorable to the prevailing party, the Commonwealth, and the reasonable inferences fairly deducible from that evidence support each and every element of the charged offense."  <u>Haskins v. Commonwealth</u>, 31 Va. App. 145, 149-50, 521 S.E.2d 777, 779 (1999).  "In so doing, we must discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom."  <u>Watkins v. Commonwealth</u>, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998). "The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it."  <u>Reynolds v. Commonwealth</u>, 30 Va. App. 153, 163, 515 S.E.2d 808, 813 (1999).

-

> An accused shall be guilty of forcible
> sodomy if he or she engages in cunnilingus,
> fellatio, anallingus, or anal intercourse
> with a complaining witness who is not his or
> her spouse, or causes a complaining witness,
> whether or not his or her spouse, to engage
> in such acts with any other person, and
> . . . [t]he complaining witness is less than
> thirteen years of age.

Code § 18.2-67.1(A). "[P]enetration is an essential element of the crime of sodomy." Ryan v. Commonwealth, 219 Va. 439, 444, 247 S.E.2d 698, 702 (1978). Nevertheless, the "penetration need be only slight." Jett v. Commonwealth, 29 Va. App. 190, 194, 510 S.E.2d 747, 749 (1999) (internal quotations omitted).

Appellant was specifically charged with cunnilingus, which "involves stimulation of the vulva or clitoris and the vulva encompasses the outermost part of the female genitalia." Horton v. Commonwealth, 255 Va. 606, 613, 499 S.E.2d 258, 261 (1998). "[P]enetration of any portion of the vulva is sufficient to prove sodomy by cunnilingus." Id. "The fact that the man's penis is placed on, not in, the woman's sexual organ is insufficient to establish the element of penetration." Moore v. Commonwealth, 254 Va. 184, 189, 491 S.E.2d 739, 741 (1997); see also Love v. Commonwealth, 18 Va. App. 84, 441 S.E.2d 709 (1994) (the same degree of penetration is required for both rape and sodomy). The analysis of Moore is dispositive of the instant case.

Additionally, as in Moore, "there is no indication whatever in the record that the young victim here was aware of the

-

intricate structure of her sexual organ." Moore, 254 Va. at 190, 491 S.E.2d at 742. Throughout her testimony D.W. referred only to her "private," without any further description. Compare Horton, 255 Va. at 613, 499 S.E.2d at 262 (victim testified defendant licked her vagina and her understanding of her anatomy was "evidenced by the fact that she herself used the words 'vagina' and 'penis' in describing [defendant's] attempt to insert his penis into her vagina"); Love, 18 Va. App. at 86, 441 S.E.2d at 710 (victim testified that defendant "licked her 'down where [her] private part was,' such that his tongue went . . . 'kind of inside of [her] crack.' She also testified that his tongue touched her 'hole' but that she knew it did not go inside 'because [she] did not feel it go in.'"). D.W. testified that appellant touched her in the "area" of where she "go[es] to the bathroom," and no circumstantial evidence provided further proof of penetration. See Morrison v. Commonwealth, 10 Va. App. 300, 301, 391 S.E.2d 612, 612 (1990) ("in the context of a sodomy charge, evidence of the condition, position, and proximity of the parties . . . may afford sufficient evidence of penetration"); Ryan, 219 Va. at 445, 247 S.E.2d at 702 (showing an "active course of abuse" permits the fact finder to infer that there was penetration); Moore, 254 Va. at 191, 491 S.E.2d at 742 ("medical or forensic evidence" can be used to prove penetration). D.W. did not testify that appellant licked her private. Instead, the only evidence is that appellant "sort of

-

went up and down [with] his tongue and his mouth."  While this testimony establishes contact, it does not establish penetration.  "Here, the victim's testimony does stand alone. Consequently, we hold there was a failure of proof of penetration as a matter of law."  Moore, 254 Va. at 191, 491 S.E.2d at 742.  Accordingly, we reverse and dismiss the sodomy conviction.

Reversed and dismissed.