ELDER, J.,
with whom CLEMENTS, J., joins, concurring, in part, and dissenting, in part.
I concur in the majority’s ruling affirming Demetrius Kelly’s conviction for possessing marijuana with the intent to distribute. However, I would hold the evidence as found by the trial *262 court was insufficient to prove Kelly imported narcotics into Virginia in violation of Code § 18.2-248.01. Therefore, I respectfully dissent from the portion of the majority opinion affirming Kelly’s conviction for that offense.
Code § 18.2-248.01 provides, in pertinent part, that “it is unlawful for any person to transport into the Commonwealth by any means with intent to sell or distribute ... five or more pounds of marijuana.” “[A] violation of Code § 18.2-248.01 occurs at the moment a person transporting illegal substances penetrates the borders of the Commonwealth.” Seke v. Commonwealth, 24 Va.App. 318, 325, 482 S.E.2d 88, 91 (1997).
To justify conviction of a crime, it is insufficient to create a suspicion or probability of guilt. Rather, the burden is upon the Commonwealth to prove every essential element of the offense beyond a reasonable doubt. “The evidence must exclude every reasonable hypothesis of innocence and be consistent only with the guilt of the accused.”
Moore v. Commonwealth, 254 Va. 184, 186, 491 S.E.2d 739, 740 (1997) (quoting Powers v. Commonwealth, 211 Va. 386, 388, 177 S.E.2d 628, 629 (1970)) (citations omitted). “Whether an alternative hypothesis of innocence is reasonable is a question of fact and, therefore, is binding on appeal unless plainly wrong.” Archer v. Commonwealth, 26 Va.App. 1, 12-13, 492 S.E.2d 826, 832 (1997). “When [the] facts,” viewed in the light most favorable to the Commonwealth, “are equally susceptible to more than one interpretation, one which is consistent with the innocence of the accused, the trier of fact cannot arbitrarily adopt an inculpatory interpretation.” Moody v. Commonwealth, 28 Va.App. 702, 706, 508 S.E.2d 354, 356 (1998).
Here, although the circumstances were suspicious, the record does not prove that Kelly possessed the drugs when he entered Virginia from Maryland. Although Kelly twice informed the officer that he and his companion were coming from “somewhere in Maryland,” he did not indicate he purchased or possessed drugs at that time. Further, as the majority acknowledges in quoting the ruling below, the trial *263 court expressly found that Kelly re-entered Virginia and “stopped at [a] Stuckey’s roadside commercial establishment” “in Accomack County” before he was stopped by the officer. The fact that Kelly possessed the drugs in close proximity to the Virginia-Maryland state line and that he was coming from somewhere in Maryland does not reasonably support an inference that Kelly brought the drugs from Maryland into Virginia any more than it supports an inference that Kelly acquired the drugs after he came into Virginia.
In McCary v. Commonwealth, 36 Va.App. 27, 41, 548 S.E.2d 239, 246 (2001), we held the detective’s testimony that MeCary admitted bringing cocaine into Virginia from North Carolina provided sufficient evidence to support a Code § 18.2-248.01 conviction. Here, by contrast, Kelly made no such admission to the police. Further, no evidence in the record indicates Kelly possessed the marijuana at the time he entered the Commonwealth, and the trial court expressly found that he stopped his vehicle at a Stuckey’s after crossing back into Virginia. Thus, the evidence in the record, as found by the trial court, does not exclude the reasonable hypothesis that appellant obtained the drugs after returning to Virginia, and the trial court’s implicit rejection of this hypothesis of innocence was plainly wrong.
Because the evidence was insufficient to exclude all reasonable hypotheses of innocence, I would reverse appellant’s conviction for “transporting] into the Commonwealth ... with intent to sell or distribute ... five or more pounds of marijuana” in violation of Code § 18.2-248.01.