COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Benton and Bumgardner
Argued at Richmond, Virginia


DERRICK MOTAMENI

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2861-04-2              JUDGE RUDOLPH BUMGARDNER, III
                                                    NOVEMBER 1, 2005
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF GREENE COUNTY
Daniel R. Bouton, Judge

Terry T. Hughes (Terry T. Hughes, P.C., on brief), for appellant.

Susan L. Parrish, Assistant Attorney General (Judith Williams
Jagdmann, Attorney General, on brief), for appellee.


Derrick Motameni appeals his conviction of rape, Code § 18.2-61.  He maintains the evidence was insufficient to prove penetration and insufficient to corroborate his statements to the police.  For the following reasons, we reverse.

We view the evidence and all reasonable inferences drawn from it in the light most favorable to the Commonwealth.  Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).  The twenty-year-old defendant lived with his half-sister and her daughter, the twelve-year-old victim, during the summer of 2002.  In December, the victim told her mother that something happened between her and the defendant four months earlier around the time of the county fair.

A Sexual Assault Nurse Examiner saw the victim on January 14, 2003.  The victim stated that someone started fingering her when she lived in Maryland and had molested her in August.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The nurse reported a thinning of the victim's hymen, which was intact except for "a notching of the area at the nine o'clock position." The nurse could not identify what caused the thinning of the hymen except that it was caused by some kind of "rubbing motion." She found no evidence of any perforation, tearing, or lacerations. The nurse concluded that the etiology of the thinning was inconclusive because it could have been a birth defect.

A deputy sheriff interviewed the defendant on January 10, 2003. The deputy tape-recorded the interview, but the recorder only captured his questions and remarks. The statements and answers of the defendant are essentially inaudible. The defendant reported that the victim came on to him, teased him, and performed oral sex on him without being asked. The deputy asked the defendant if he had been "intimate" with or "had sex" with the victim. He said they had had sex a few times, most recently after the county fair. The defendant stated that he went to the victim's bedroom and she took off her clothes and got on top of him. The defendant explained he used his fingers in her genital area before they had sex but denied having "finger sex" with the victim.

During the interview, the deputy employed various phrases while questioning the defendant about his sexual acts with the victim: "intimate relations," "sexual relations," "intimate," and "regular sex." Neither party to the interview explained their understanding of the precise meaning of those terms or the sense in which they were using the terms. They did not employ the term "sexual intercourse" or "penetration" during the interview.

The Commonwealth called the victim as a witness at trial. She began testifying that she was lying in bed ready to go to sleep one night in August 2002 when the defendant came into her room and sat on her bed. She then refused to answer any further questions because it was "embarrassing." When efforts to have her continue failed, the Commonwealth rested.

The defendant moved to strike the evidence on the ground that it failed to prove penetration. The trial court denied the motion. It found the defendant admitted to the deputy that he had sexual intercourse with the victim, and it found the nurse and the victim corroborated that admission.

The defendant was charged with rape. Code § 18.2-61(iii) provides that "any person [who] has sexual intercourse with a complaining witness . . . and such act is accomplished . . . with a child under age 13 as the victim, he or she shall be guilty of rape." The Commonwealth had to prove penetration: "'[p]enetration by a penis of a vagina is an essential element of the crime of rape.'" Moore v. Commonwealth, 254 Va. 184, 186, 491 S.E.2d 739, 740 (1997) (citation omitted). "While the necessary element of sexual intercourse may be proved by circumstantial evidence the proof must go beyond the mere showing of injury to the genital organs of the female and an opportunity on the part of the accused to have committed the offense." Strawderman v. Commonwealth, 200 Va. 855, 859, 108 S.E.2d 376, 379 (1959) (citation omitted).

The evidence does not support the trial court's finding that the defendant's statement amounted to an admission to having sexual intercourse with the victim. The deputy never asked whether the defendant had committed an act of penetration, and the defendant never said that penetration occurred. The terms employed during the interview were not precise terms, and each has varying meanings that may include penetration but may not. During the interview, the terms were not given a precise meaning and none arose from the context of the conversation. The terms themselves and the context in which they were used did not reasonably permit an inference that they described an act of penetration. The statements the defendant made during his interview with the deputy did not constitute an admission to the crime of rape.

The nurse's examination of the victim did not establish the element of penetration. While it revealed a thinning of the hymen, and a notching at the nine o'clock position, the hymen was intact. The nurse could only opine that a rubbing motion caused the thinning, but could not determine a cause for the condition.

Finally, the victim did not supply the necessary proof. While a victim need not testify as to every essential element of the offense, some evidence must establish each element beyond a reasonable doubt. In Morning v. Commonwealth, 37 Va. App. 679, 561 S.E.2d 23 (2002), this Court affirmed the conviction when the victim corroborated details of the incident but denied the sexual acts. However, Morning made a full confession of those acts. In this case, the defendant did not confess to the sexual act charged, although he admitted some sort of sexual activity occurred.

The evidence supports an inference that the defendant engaged in unlawful sexual acts against the under-aged victim about the time of the county fair, but it does not prove penetration, which is an essential element of the crime charged. "To justify conviction of a crime, it is insufficient to create a suspicion or probability of guilt." Moore, 254 Va. at 186, 491 S.E.2d at 740. "It is not sufficient that facts and circumstances proved be consistent with the guilt of the accused. To sustain a conviction they must be inconsistent with every reasonable hypothesis of his innocence." Strawderman, 200 Va. at 860, 108 S.E.2d at 380. In this case, the evidence does not directly prove penetration and does not permit an inference of it. Accordingly, we reverse.

Reversed and dismissed.