COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Frank and Huff
Argued at Chesapeake, Virginia

UNPUBLISHED

DAWIT ALEMAYEHU HABTEMARIAM

                                           MEMORANDUM OPINION[*] BY
v.       Record No. 0092-12-1               JUDGE ROBERT P. FRANK
                                           JANUARY 15, 2013

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Leslie L. Lilley, Judge

James O. Broccoletti (Zoby, Broccoletti & Normile, P.C., on brief),
for appellant.

Craig W. Stallard, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Dawit Alemayehu Habtemariam, appellant, was convicted, by a jury, of forcible sodomy, in

violation of Code § 18.2-67.1. On appeal, he challenges the sufficiency of the evidence, contending

that the Commonwealth failed to prove penetration. For the reasons stated, we affirm the judgment

of the trial court.

BACKGROUND

The victim, Y.T., rented a room from appellant. On July 6, 2009, appellant entered Y.T.'s

room, pushed her on her bed, and took off her shorts and underwear. He demanded Y.T. touch his

penis. Y.T. testified appellant "placed his mouth on my vagina. He bit a tip of my vagina and he

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

pulled it with his teeth." She testified he also licked her vagina and that he inserted his penis in her vagina, all the while telling him to stop.[1]

Detective Brendon Paulsen of the Virginia Beach Police Department interviewed appellant at appellant's residence. The detective advised appellant of the complaint Y.T. filed against him. Appellant denied any sexual contact with her after the detective explained the specific sexual acts alleged by Y.T. The detective then left, telling appellant he would return that afternoon after obtaining the results of Y.T.'s physical examination.

Paulsen obtained warrants for appellant's arrest and returned to appellant's residence. Again, appellant denied any sexual contact. Later in the interview, appellant finally admitted "he had sexual interaction with [Y.T.]." Appellant admitted fondling her and "placing his mouth onto her vagina." The detective then arrested appellant.

This appeal follows.

ANALYSIS

On appeal, appellant maintains the evidence was insufficient to prove him guilty of forcible sodomy (cunnilingus) because of the Commonwealth's failure to prove penetration.

An appellate court does not "'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Williams v. Commonwealth, 278 Va. 190, 193, 677 S.E.2d 280, 282 (2009) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Id. (quoting Jackson, 443 U.S. at 319). Thus, when a jury has rendered its verdict, "it is not for this court to say that the evidence does or does not establish his guilt beyond a reasonable doubt because as an original proposition it might have reached a different

---

[1] Appellant was also charged with rape in violation of Code § 18.2-61, but was acquitted of that charge.

conclusion." Cobb v. Commonwealth, 152 Va. 941, 953, 146 S.E. 270, 274 (1929). Suffice it to say, an "appellate court is no substitute for a jury." Id.

This deferential appellate standard "applies not only to findings of fact, but also to any reasonable and justified inferences the fact-finder may have drawn from the facts proved." Sullivan v. Commonwealth, 280 Va. 672, 675, 701 S.E.2d 61, 63-64 (2010); see also Clanton v. Commonwealth, 53 Va. App. 561, 566, 673 S.E.2d 904, 907 (2009) (*en banc*). Thus, a fact finder may "draw reasonable inferences from basic facts to ultimate facts," Haskins v. Commonwealth, 44 Va. App. 1, 10, 602 S.E.2d 402, 406 (2004) (citation omitted), unless doing so would push "into the realm of *non sequitur*," Thomas v. Commonwealth, 48 Va. App. 605, 608, 633 S.E.2d 229, 231 (2006) (citation omitted).

The issue presented here is what constitutes sufficient evidence of penetration to support a conviction of forcible sodomy by engaging in cunnilingus in violation of Code § 18.2-67.1. "[P]enetration is an essential element of the crime of sodomy." Ryan v. Commonwealth, 219 Va. 439, 444, 247 S.E.2d 698, 702 (1978). However, penetration in sodomy, as in rape, can be proved by circumstantial evidence, and the penetration "need be only slight." Id.

To resolve this issue, we first address the definition of cunnilingus. In Horton v. Commonwealth, 255 Va. 606, 499 S.E.2d 258 (1998), the Supreme Court of Virginia defined cunnilingus as "'stimulation of the vulva or clitoris with the lips or tongue.'" Id. at 612, 499 S.E.2d at 261 (quoting Webster's Third New International Dictionary 554 (1993)). "Since cunnilingus involves stimulation of the vulva or clitoris and the vulva encompasses the outermost part of the female genitalia, we conclude that penetration of any portion of the vulva is sufficient to prove sodomy by cunnilingus. Penetration of the vaginal opening or vagina is not required." Id. at 613, 499 S.E.2d at 261-62. In other words, "insertion of the defendant's tongue

into the victim's vagina need not be shown to prove cunnilingus." <u>Love v. Commonwealth</u>, 18 Va. App. 84, 88, 441 S.E.2d 709, 712 (1994).

In order to evaluate whether testimony in this case proves penetration, we consider the Supreme Court's discussion of the anatomical structure of the female genitalia. In <u>Horton</u>, the Supreme Court referenced our statement in <u>Love</u>, that "'penetration of any portion of the vulva which encompasses the 'external parts of the female sex organs considered as a whole' and includes, beginning with the outermost parts, the labia majora, labia minora, hymen, vaginal opening and vagina . . . , is sufficient to show penetration.'" <u>Horton</u>, 255 Va. at 613, 499 S.E.2d at 261 (quoting <u>Love</u>, 18 Va. App. at 88, 441 S.E.2d at 712). The issue of penetration is a question for the jury upon the evidence in the case and the penetration that must be shown need be only slight. <u>Rowland v. Commonwealth</u>, 147 Va. 636, 639, 136 S.E. 564, 565 (1927).

The Supreme Court's decision in <u>Horton</u> is dispositive. In that case, a twelve-year-old victim testified Horton licked her vagina and attempted to insert his penis into her vagina. <u>Horton</u>, 255 Va. at 609, 499 S.E.2d at 259. She had learned proper terminology for parts of her body from a class she had taken in school. <u>Id.</u> The Supreme Court found, based on her testimony, that Horton penetrated the victim with his tongue. <u>Id.</u> at 614, 499 S.E.2d at 262. The Court concluded that because of her class at school, she properly used the words "vagina" and "penis" in describing Horton's attempt to insert his penis in her vagina. <u>Id.</u> <u>See also</u> <u>Ryan</u>, 219 Va. at 444-45, 247 S.E.2d at 702 (affirming conviction for oral sodomy in which victim testified that defendant licked her vagina with his tongue after attempting unsuccessfully to engage in sexual intercourse).

Appellant seeks to distinguish <u>Horton</u> by contending Y.T. did not display comprehensive knowledge of her female genitalia. Thus, he reasons, Y.T., although she referenced "vagina,"

used that term in a generic, not specific, reference to her vagina, as opposed to other parts of her genitalia. Nothing in the record supports this speculative argument.

Here, Y.T. was a thirty-eight-year-old woman with prior sexual experience. She recognized that when appellant entered her bedroom, he had an erect penis. Like the victim in Horton, Y.T. referred to the words "penis" and "vagina." In describing appellant's actions, she specifically testified appellant inserted his penis in her vagina. She further testified appellant placed his mouth on her vagina, bit it, and pulled it with his teeth. It is clear that Y.T. was referring to the correct male and female anatomical terms to describe the sexual acts committed by appellant.[2]

In order for appellant to lick Y.T.'s vagina, by necessity, he had to penetrate the outermost parts of the female genitalia. These are the same facts as in Horton.

Appellant points to several inconsistencies in Y.T.'s testimony. At one point, she testified appellant "placed his mouth to my vagina." She testified appellant bit the tip of her vagina and said appellant licked her vagina. He had his mouth on her vagina. On cross-examination, the victim again stated that appellant put his mouth "to" her vagina.

Appellant thus describes Y.T.'s testimony as "equivocal," but the record belies this contention. He unsuccessfully attempts to bring the facts of the instant case to come within the dictates of Moore v. Commonwealth, 254 Va. 184, 491 S.E.2d 739 (1997). In Moore, the young victim, under the age of thirteen, testified Moore placed his penis both "in" and "on" her vagina. 254 Va. at 189, 491 S.E.2d at 741. The Supreme Court concluded the Commonwealth's

---

[2] Appellant contends the in-court translation of Y.T.'s testimony was inaccurate and unreliable. This issue was raised in appellant's petition for appeal, but we did not grant a writ on this issue and thus, we will not review it. Rule 5A:12(c). "Only those arguments presented in the petition for appeal and granted by this Court will be considered on appeal." McLean v. Commonwealth, 30 Va. App. 322, 329, 516 S.E.2d 717, 720 (1999) (en banc). Further, Rule 5A:12 contains no "good cause" or "ends of justice" exception. See Thompson v. Commonwealth, 27 Va. App. 620, 626, 500 S.E.2d 823, 826 (1998).

evidence was in a "state of equipoise" as to penetration. Id. As the Supreme Court later observed in Horton, "[t]he critical factor in Moore was the victim's ambiguous testimony." Horton, 255 Va. at 615, 499 S.E.2d at 262.

Moore is inapposite. In Moore, the Supreme Court characterized the young victim's testimony as:

> In one breath, the victim said that "he rubbed it on the inside of my vagina." In the next breath, after the prosecutor asked her to "back up a minute," she answered "Yes" to the question, "And he was rubbing it on your vagina?" Again, when asked by the prosecutor to "go back," she answered affirmatively to the question, "Your testimony was you felt his penis on your vagina?"

Moore, 254 Va. at 189, 491 S.E.2d at 741-42.

In the instant case, the victim unequivocally testified that appellant licked her vagina. Under Horton, evidence of penetration is sufficient upon testimony the perpetrator licked the victim's vagina. As stated above, only the vulva needs to be penetrated. Here, the evidence is sufficient to prove appellant penetrated the victim's vulva.

Here, appellant confirmed that he placed his mouth on Y.T.'s vagina. The jury heard Y.T.'s testimony and appellant's admission, and factually found that penetration occurred. Credible evidence supports that finding. We cannot, as a matter of law, hold that this finding is wrong.

We affirm the judgment of the trial court.

Affirmed.