COURT OF APPEALS OF VIRGINIA

Present:    Judges Benton, Elder and Frank
Argued at Chesapeake, Virginia


LINWOOD BERNARD SAWYER, JR.

                                        MEMORANDUM OPINION[*] BY
v.        Record No. 1917-03-1          JUDGE LARRY G. ELDER
                                            AUGUST 3, 2004

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
                        J. Warren Stephens, Judge Designate

            Robert L. Wegman for appellant.

            Alice T. Armstrong, Assistant Attorney General (Jerry W. Kilgore,
            Attorney General, on brief), for appellee.


        Linwood B. Sawyer, Jr., (appellant) appeals from his bench trial conviction for

possession of cocaine with intent to distribute.  On appeal, he contests the sufficiency of the

evidence to prove he possessed the cocaine at issue.  We hold the evidence, viewed in the light

most favorable to the Commonwealth, was sufficient to prove possession, and we affirm.

Under familiar principles of appellate review, we must examine the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible

therefrom.  Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

Appellant contests only the sufficiency of the evidence to prove he possessed the cocaine at

issue.[1]  We hold the evidence was sufficient.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] We do not consider the sufficiency of the evidence to prove appellant's possession of the cocaine, if established, was with the requisite intent to distribute.

In assessing witness credibility, the fact finder may accept the parts of a witness' testimony it finds believable and reject other parts as implausible. Pugliese v. Commonwealth, 16 Va. App. 82, 92, 428 S.E.2d 16, 24 (1993). "Determining the credibility of witnesses who give conflicting accounts is within the exclusive province of the [trier of fact], [who] has the unique opportunity to observe the demeanor of the witnesses as they testify." Lea v. Commonwealth, 16 Va. App. 300, 304, 429 S.E.2d 477, 479 (1993). Further, "[n]o litigant is bound by contradicted testimony of a witness even though proffered by the litigant." Williams v. Commonwealth, 235 Va. 168, 176, 360 S.E.2d 361, 366 (1987). "'[W]hen two or more witnesses introduced by a party litigant vary in their statements of fact, such party has the right to ask the court or jury to accept as true the statements most favorable to him.'" Ravenwood Towers, Inc. v. Woodyard, 244 Va. 51, 55, 419 S.E.2d 627, 629 (1992) (quoting Massie v. Firmstone, 134 Va. 450, 462, 114 S.E. 652, 656 (1922)). Compare Massie, 134 Va. at 462, 114 S.E. at 656 (noting that doctrine allowing party offering witnesses giving conflicting testimony to ask court to accept more favorable testimony is not applicable "to the testimony which [the litigant] gives himself" because "[n]o litigant can successfully ask a court or jury to believe that he has not told the truth") and Ford Motor Co. v. Bartholomew, 224 Va. 421, 431, 297 S.E.2d 675, 680 (1982) (holding Massie doctrine preventing litigant from asking fact finder to disregard part of his own testimony applies only to "statement[s] of fact within [the litigant's] knowledge" and not to "expression[s] of opinion"). The conclusions of the fact finder on issues of witness credibility may be disturbed on appeal only if this Court finds that the testimony accepted by the court was "inherently incredible, or so contrary to human experience as to render it unworthy of belief." Fisher v. Commonwealth, 228 Va. 296, 299-300, 321 S.E.2d 202, 204 (1984).

"To convict a person of possession of illegal drugs 'the Commonwealth must prove that the defendant was aware of the presence and character of the drugs and that he intentionally and

consciously possessed them.'" Castaneda v. Commonwealth, 7 Va. App. 574, 583, 376 S.E.2d 82, 86 (1989) (*en banc*) (quoting Andrews v. Commonwealth, 216 Va. 179, 182, 217 S.E.2d 812, 814 (1975)). Possession need not be actual, exclusive, or lengthy in order to support a conviction. Gillis v. Commonwealth, 215 Va. 298, 302, 208 S.E.2d 768, 771 (1974); Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (*en banc*). Actual or constructive possession of illegal drugs may be proven by "'evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the [accused] was aware of both the presence and character of the substance and that it was subject to his dominion and control.'" Burchette v. Commonwealth, 15 Va. App. 432, 434, 425 S.E.2d 81, 82 (1992) (quoting Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986)). Neither close proximity to illegal drugs nor occupancy of an automobile in which they are found, standing alone, is sufficient to prove "possession" of such drugs; however, both are factors that may be considered in determining whether possession occurred in a particular case. Castaneda, 7 Va. App. at 583-84, 376 S.E.2d at 87. Circumstantial evidence may be sufficient to prove possession, as long as it excludes all reasonable hypotheses of innocence flowing from the evidence. Higginbotham v. Commonwealth, 216 Va. 349, 352-53, 218 S.E.2d 534, 537 (1975).

Where an individual being approached by police is seen "ma[king] a throwing motion under [a] vehicle," the police immediately recover drugs from beneath the vehicle, and no evidence establishes that any other items were found beneath the vehicle, the evidence is sufficient to permit the finder of fact to conclude that the individual seen making the throwing motion had actual possession of the drugs and threw them under the car to avoid being caught with them on his person. See Collins v. Commonwealth, 13 Va. App. 177, 179-80, 409 S.E.2d 175, 176 (1991). In the absence of evidence to the contrary, the finder of fact is entitled to infer that "cocaine [is] 'something of significant value and not something that [someone other than the

individual seen making the throwing motion] is likely to have abandoned or carelessly left in the area . . . .'" Id. at 180, 409 S.E.2d at 176.

Here, the evidence, viewed in the light most favorable to the Commonwealth, established that appellant had actual possession of the cocaine when the police arrived at the scene and that appellant then threw it beneath the car, where Detective K.J. Davis found it about fifteen seconds later. Both officers testified that appellant dropped numerous items as he got down from the trunk of the car, including a cigar box and a cellular telephone. Detective Davis testified without equivocation that he observed appellant go "over to the driver's side of the vehicle, ben[d] at the knees, and ma[k]e a throwing motion . . . towards the undercarriage of the vehicle." Detective Jones testified that he merely saw appellant drop some items "towards the back of the vehicle" and that Detective Davis was the one who actually recovered the items. Detective Davis testified that he found the cigar box on the driver's side rear of the car, the cellular telephone beside the driver's door, and the cocaine one to two feet underneath the car, near the front driver's side tire. The location of these items followed the path Detective Davis observed appellant take when appellant slid off the trunk of the vehicle.

Although Detective Davis did not see what appellant had in his hand when he made the throwing motion, Davis recovered the baggy of cocaine from beneath the vehicle only fifteen seconds after he observed appellant make the throwing motion. Other evidence established that the other two subjects at the scene, Joseph Pitt and Darryl Fuller, were not near the front of the vehicle; kept their hands up in the air and visible to Detective Timothy M. Jones at all times after Davis told them to put their hands up; and made no throwing, kicking or other types of motions that would imply either of them had discarded the drugs in the place where Davis found them beneath the vehicle. Finally, no evidence in the record established that the officers recovered anything else from beneath the vehicle. The only reasonable hypothesis flowing from this

- 4 -

evidence, viewed in the light most favorable to the Commonwealth, is that appellant had actual possession of the cocaine when the police arrived at the scene and threw it beneath the car.

Given the manner in which the trier of fact resolved the disputed factual issues, appellant's contention that Detective Jones testified that appellant did not make a throwing or bowling motion and that the cocaine was found beside rather than beneath the car does not support a different result. First, Detective Jones's testimony, construed in the light most favorable to the Commonwealth, establishes only that Detective Jones tried to focus on appellant as he and Detective Davis approached the scene and that Detective Jones did not *see* appellant make the throwing motion observed by Detective Davis. Detective Jones testified that he could see Pitt's and Fuller's hands at all times during the encounter and that neither Pitt nor Fuller made any throwing motions. However, Detective Jones did *not* testify that he was able to see appellant's hands at all times during the encounter and said only that he "never *saw* [appellant] make any bending . . . [or] sweeping motion with his hands." (Emphasis added). In light of evidence that Detective Jones was able to see Pitt's and Fuller's hands during the entire encounter and Detective Davis's testimony that all three men moved from their original positions during the encounter as appellant reached into his jacket, causing the officers to fear he might have a gun, the trial court was entitled to conclude that Detective Jones was temporarily distracted from his efforts to focus only on appellant or was simply not in a position to be physically able to see all of appellant's movements observed by Detective Davis. The trial court was also entitled to accept Detective Jones's trial testimony that Detective Davis actually recovered the cocaine and, thus, to conclude that Davis was in a better position than Jones to give accurate testimony about where the cocaine was found.[2]

---

[2] Contrary to the representations of the dissent, the evidence, viewed in the light most favorable to the Commonwealth, does not establish that, Detective Jones "concentrated" on appellant "from the moment he left his vehicle to approach" appellant and that, "when [Detective

Second, even if the court interpreted Detective Jones's testimony as an unequivocal statement that appellant did *not* make a throwing motion, the trial court, as the finder of fact, was entitled to reject Detective Jones's testimony to the extent it conflicted with Detective Davis's testimony.  See, e.g., Woodyard, 244 Va. at 55, 419 S.E.2d at 629; Williams, 235 Va. at 176, 360 S.E.2d at 366; Massie, 134 Va. at 462, 114 S.E. at 656.  The testimony of a witness such as Detective Davis is not rendered "inherently incredible, or so contrary to human experience as to render it unworthy of belief," Fisher, 228 Va. at 299-300, 321 S.E.2d at 204, simply because it conflicts with the testimony of a second witness such as Detective Jones, called by the same party.  Appellant's counsel admitted as much when, in response to a question from the court at trial, he agreed that "[t]he Court can pick and choose" "as to credibility."

Finally, the trial court's statement that the officers' testimony was "[e]ssentially . . . consistent" also does not require a different result.  The trial court heard extensive argument from the parties on the purported consistencies and inconsistencies in the two officers' testimony.  In explaining its reasoning, the court noted it "is often the case [that] witnesses take different positions in the happening of any incident," and it expressly adopted the testimony of Detective Davis as "prov[ing] beyond any doubt" that appellant possessed the cocaine.  Again, because Detective Davis's testimony was not inherently incredible, we may not set aside the trial court's express finding of fact on this issue.[3]

---

Jones] pulled his shirt apart to reach his firearm, [appellant] raised his hands."  Rather, Detective Jones testified that, when he saw appellant reach his hand into his jacket, Jones "pulled his [own] shirt apart to reach [his] firearm" and that appellant put his hands up only "[a]fter [appellant] went into his jacket and took the items out."  This is consistent with Detective Davis's testimony that appellant did not immediately respond to Davis's commands to put his hands up and get down and that appellant was "still trying to get whatever it was out of the jacket area."

[3] Contrary to the position taken by the dissent, the Virginia Supreme Court has never held that the prosecution's presentation of "two different accounts of the essential facts relating to a crucial element of the crime," standing alone, prevents a finding of guilt beyond a reasonable doubt.  The case the dissent relies on for this proposition, Moore v. Commonwealth, 254 Va.

- 6 -

For these reasons, we hold the facts, as found by the trial court, were sufficient to prove beyond a reasonable doubt that appellant possessed the cocaine at issue. Thus, we affirm appellant's conviction for possession with intent to distribute.

Affirmed.

---

184, 491 S.E.2d 739 (1997), involved a rape prosecution in which a single witness, the victim, gave conflicting testimony about the crime on direct examination. In that context, the Court held as follows:

> This is not a case where inconsistencies have been developed during cross-examination of the victim or a case where there has been other evidence contradicting the testimony of the victim. Certainly, those types of credibility issues are for the [fact finder] to decide. But, this is a case where the prosecution has presented, *from the mouth of the victim*, two different accounts of the essential facts relating to a crucial element of the crime. . . . [Under these circumstances,] the Commonwealth's evidence is consistent with the innocence of the accused regarding the crime with which he was charged.

Id. at 189, 491 S.E.2d at 742 (emphasis added).

Appellant's case involved the testimony not of one victim but of two different police officers. The Supreme Court's decision in Moore does not alter the general principle set out in the text that, "'when two or more witnesses introduced by a party litigant vary in their statements of fact, such party has the right to ask the court or jury to accept as true the statements most favorable to him.'" Woodyard, 244 Va. at 55, 419 S.E.2d at 629 (quoting Massie, 134 Va. at 462, 114 S.E. at 656).

Benton, J., dissenting.

In a criminal case, where the quantum of proof must be beyond a reasonable doubt, the imperative to secure convictions free of speculation, surmise, and conjecture is constitutionally based. See In re Winship, 397 U.S. 358 (1970). "[W]here, as here, a conviction is based on circumstantial evidence, 'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'" Garland v. Commonwealth, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983) (quoting Inge v. Commonwealth, 217 Va. 360, 366, 228 S.E.2d 563, 567 (1976)). "Suspicious circumstances, including proximity to a controlled drug, are insufficient to support a conviction." Behrens v. Commonwealth, 3 Va. App. 131, 135, 348 S.E.2d 430, 432 (1986). Even when evidence is sufficient "to elevate suspicion to the level of probability, [it does] not relieve the Commonwealth of the burden of producing evidence which establishes guilt beyond a reasonable doubt." Hyde v. Commonwealth, 217 Va. 950, 954, 234 S.E.2d 74, 78 (1977).

I.

The trial judge's finding, that "[e]ssentially, what Officers Jones and Davis have testified to is consistent," is not supported by the record. In the material elements necessary to establish the elements of the offense, the testimony of the two detectives is widely divergent.

The undisputed, uncontradicted evidence proved that when Detectives Davis and Jones, who were not in uniform and were in an unmarked vehicle, saw Sawyer, he was sitting atop the trunk of a car in the driveway. It was nighttime. The trunk of the car was facing the street. Sawyer was sitting on the middle of the trunk, and two men were standing between the car's trunk and the street. When the detectives exited their vehicle, Sawyer "came down off . . . the trunk," reached inside of his jacket, and began dropping items to the driveway. Beyond these facts, the officers provided conflicting testimony.

Detective Davis testified Joseph Pitt was standing between the car and the street, two feet from Sawyer, and slightly to the right of the trunk (closer to the passenger side). Darryl Fuller was standing between the car and the street and to the left of the trunk (closer to the driver's side). Detective Davis testified that, when Sawyer "started to pull out something" from his jacket, he drew his weapon, screamed "police . . . let me see your hands" and ordered the men to the ground. He testified that Sawyer dropped the cigar box at "the back corner of the driver's side near the trunk," and the cell phone "by the driver's side door." According to Detective Davis, Pitt raised his hands and started to move sideways (to the passenger side of the car) and away from the car. Detective Davis testified that he moved "over toward the area where [Pitt] was trying to go and forced him back" to the car. Pitt then went to the ground. Detective Davis testified that as he approached the car Fuller moved to the left (to the driver's side of the car) away from the car, and away from Detective Davis. Fuller put his hands in the air and then went to the ground. Detective Davis testified that while this was occurring Sawyer "went over to the driver's side of the [car], bent at the knees, and made a throwing motion . . . . towards the undercarriage of the [car]." Explaining that "[a]ll of this was simultaneous," he testified: "Fuller was over here when . . . Pitt started to go sideways that way while . . . Sawyer was going this way, but I was ordering them to get down."

Detective Jones testified, however, that he "walked straight towards . . . Sawyer" while Sawyer was sitting on the trunk of the car. Sawyer then "started to slide off, slide down, put his feet on the ground." When Detective Davis ordered the men to raise their hands, Sawyer discarded items from his jacket, dropping them where he stood at the trunk of the car. Detective Jones testified that while this was occurring he was "trying to get as close as possible" to Sawyer. He further testified as follows:

> Q: Do you remember testifying on February 14 at the last trial?
>
> A: Yes, I do.

Q: Do you remember stating that when you got out of the car, that you concentrated on the defendant?

A: Yes, sir.

Q: Do you also remember stating that the defendant never moved that much at all?

A: Yeah. He slid down the car. I didn't see him move from the back of the car.

Q: Right, and is it fair to say that Mr. Sawyer -- based on your prior testimony, he stayed at the back of the car, and the furthest he would have gotten was to the edge of the back of the car?

A: Correct.

Detective Jones testified that when he pulled his shirt apart to reach his firearm, Sawyer raised his hands.

In further contradiction to Detective Davis, Detective Jones testified that Pitt was at the left rear of the car (nearer the driver's side) and that Fuller was at the right rear of the car (nearer the passenger side). Detective Jones also testified that Sawyer did not move from the back of the car and that Sawyer did not make a bending motion or a sweeping motion with his hands. Detective Jones further testified, contrary to the testimony of Detective Davis, that Sawyer dropped his cellular phone at the back of the car by the trunk where Sawyer stood.

The testimony of the detectives also is contradictory as to the location of the cocaine. Detective Davis testified that ten seconds after Sawyer made a throwing motion he retrieved a bag of cocaine from beneath the car near the driver side front wheel. His personal notes also indicated that this was the location of the drugs.

The Commonwealth's exhibit in which the cocaine was secured contains a notation, however, that the cocaine was found next to the car. Detective Jones, who was the evidence custodian, testified that after Detective Davis gave him the cocaine he wrote the location on the exhibit so as "to give a general area of where the narcotics were recovered from." Detective

- 10 -

Jones testified that he wrote this description after Detective Davis told him he had recovered the cocaine on the ground next to the car.  Detective Jones acknowledged, however, that he had previously testified under oath that he saw the cocaine on the ground next to the car and that he saw Detective Davis retrieve the cocaine from the ground next to the car.  Neither detective testified that no other debris was under the car.

"[T]his is a case where the prosecution has presented . . . two different accounts of the essential facts relating to a crucial element of the crime."  Moore v. Commonwealth, 254 Va. 184, 189, 491 S.E.2d 739, 742 (1997).  Significantly, Detective Jones "concentrated" on Sawyer from the moment he left his vehicle to approach Sawyer.  He saw Sawyer sitting on the trunk, slide from the trunk, and stand at the rear of the car by the trunk.  He did not see Sawyer make any throwing or sweeping motion near the car.  At best, therefore, the Commonwealth's evidence is in a "state of equipoise on an essential element of the crime."  Id. at 189, 491 S.E.2d at 741.  The principle has long been established that "'where a fact is equally susceptible of two interpretations one of which is consistent with the innocence of the accused, [the trier of fact] cannot arbitrarily adopt that interpretation which incriminates him.'"  Corbett v. Commonwealth, 210 Va. 304, 307, 171 S.E.2d 251, 253 (1969) (citation omitted).  I would hold that this evidence has failed to prove Sawyer's guilt beyond a reasonable doubt because it certainly failed to exclude every reasonable hypothesis of innocence.

## II.

Detective Davis testified that he never saw anything leave Sawyer's hand.  He also testified that these events happened in an area in which "a lot of drug activity" occurs.  In view of this evidence, the Commonwealth failed to prove beyond a reasonable doubt that Sawyer possessed the cocaine.

The detective admitted that he never saw anything in Sawyer's hand.  Thus, the proof in the record is not entirely consistent with guilt and it is not inconsistent with Sawyer's claim of innocence; it does not negate the hypothesis that the cocaine was already on the ground where it was found.  The evidence merely raises a suspicion that Sawyer threw the cocaine under the car. When, as here, "the evidence leaves it indefinite which of several hypotheses is true, or establishes only some finite probability in favor of one hypothesis, such evidence cannot amount to proof, however great the probability may be." Massie v. Commonwealth, 140 Va. 557, 565, 125 S.E. 146, 148 (1924).  "Suspicious circumstances, including proximity to a controlled drug, are insufficient to support a conviction." Behrens, 3 Va. App. at 135, 348 S.E.2d at 432.

For these reasons, I would reverse the conviction.